**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 11-cv-03250-REB-KMT

FAIRMOUNT FIRE PROTECTION DISTRICT, a Colorado Special District,

    Plaintiff,

v.

UP IN SMOKE CUSTOM BURNING, INC., a Kansas for Non Profit Corporation,

    Defendant.

## ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

**Blackburn, J.**

The matter before me is the plaintiff's **Motion for Default Judgment Pursuant to F.R.C.P. 55** [#6][1] filed February 16, 2012. The defendant did not file a response. I grant the motion.

### I. JURISDICTION

I have jurisdiction over this case under 28 U.S.C. § 1332 (diversity of citizenship).

### II. STANDARD OF REVIEW

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, the clerk of the court must enter the party's default. FED. R. CIV. P. 55(a). After default has entered, the party seeking relief against the defaulting party may apply to the court for a default judgment and, if the party seeking relief provides a proper basis for the entry of default judgment, the court may enter default

---

[1] "[#6]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

judgment against the defaulting party.  FED. R. CIV. P. 55(b).

### III.  ANALYSIS

The plaintiff duly served the defendant Up In Smoke Custom Burning Inc. in accordance with Fed. R. Civ. P. 4(h)(1)(B).  The defendant failed to answer or otherwise respond within the time permitted by law.  As a result, the defendant has admitted the factual allegations in the complaint [#1] other than those relating to the amount of damages.  FED. R. CIV. P. 8(a)(6).  Under FED. R. CIV. P. 55(a), the Clerk of the Court entered default [#7] against the defendant on February 17, 2012.

In the complaint [#1], the plaintiff asserts, in essence, a claim for payment for services rendered and equipment provided to the defendant by the plaintiff.  The plaintiff labels its claim as claims for quantum meruit, unjust enrichment, implied contract, money owed, quasi-contract, restitution, and damages.  *Complaint* [#1], p. 4.  The plaintiff details in the complaint the services rendered and equipment provided to the defendant, the charges incurred by the defendant, payments by the defendant, and the amounts which remains unpaid.

Of the various theories of recovery plead in the complaint, I find and conclude that the allegations of fact in the complaint are sufficient to establish the elements of unjust enrichment under Colorado law.  A plaintiff can establish this claim by showing that the defendant received a benefit, at the plaintiff's expense, under circumstances that would make it unjust for defendant to retain the benefit.  ***Jorgensen v. Colorado Rural Properties, LLC***, 226 P.3d 1255, 1258 (Colo. App. 2010).  Essentially, unjust enrichment allows for restitution under circumstances where the benefit to the defendant was derived to the unfair detriment of the plaintiff.  ***See Bolsa Resources, Inc. v. AGC Resource, Inc.***, 2011 WL 6370409 at *4 (D. Colo. Dec. 20, 2011).  In

addition, I find an conclude that the allegations of fact in the complaint are sufficient to establish the elements of a claim for breach of implied contract.

The plaintiff seeks to recover 295,705.84 dollars for services rendered and equipment provided to the defendant, which amount has not been paid by the defendant. The affidavit [#6-1] attached to the motion for default judgment establishes the principal amounts due to the plaintiff from the defendant. The total of the principal amounts due is 295,705.84 dollars.

Under §5-12-102, C.R.S., the plaintiff seeks to recover prejudgment interest at the statutory rate of eight percent per annum in five separate categories. Each category concerns a particular principal amount that became due on a particular date. For each category, the plaintiff seeks to recover a specific amount of prejudgment interest through February 16, 2012, plus additional prejudgment interest that accrues up to the date on which judgment enters.

Based on the 8,164.81 dollars which were owed to the plaintiff by the defendant as of June 18, 2008, the plaintiff seeks an award of 2,396.20 dollars in prejudgment interest through February 16, 2012. Based on the 8,950.00 dollars which were owed to the plaintiff by the defendant as of April 29, 2009, the plaintiff seeks an award of 2,012.64 dollars in prejudgment interest through February 16, 2012. Based on the 3,684.08 dollars which were owed to the plaintiff by the defendant as of April 30, 2009, the plaintiff seeks an award of 827.65 dollars in prejudgment interest through February 16, 2012. Based on the 115,947.79 dollars which were owed to the plaintiff by the defendant as of March 10, 2011, the plaintiff seeks an award of 8,708.21 dollars in prejudgment interest through February 16, 2012. Based on the 159,409.16 dollars which were owed to the plaintiff by the defendant as of October 5, 2011, the plaintiff

seeks an award of 4,716.16 dollars in prejudgment interest through February 16, 2012.

The total of the principal amounts in these five categories is 295,705.84 dollars. The total prejudgment interest due through February 16, 2012, is 18,660.86 dollars. From February 16, 2012, until the date judgment enters in this case, additional prejudgment interest accrues on the total principal amount owed, 295,705.84 dollars, at the rate of eight percent per annum, compounded annually.  §5-12-102(1)(b), C.R.S. From the date judgment enters in this case until the judgment is paid by the defendant, post-judgement interest accrues on the total principal amount owed, 295,705.84 dollars, at the rate of eight percent per annum, compounded annually.  §5-12-102(4)(b), C.R.S.

**THEREFORE, IT IS ORDERED** as follows:

1. That the plaintiff's **Motion for Default Judgment Pursuant to F.R.C.P. 55** [#6] filed February 16, 2012, is **GRANTED**;

2. That **DEFAULT JUDGMENT SHALL ENTER** in favor of the plaintiff Fairmount Fire Protection District, a Colorado Special District, against the defendant Up In Smoke Custom Burning Inc., a Kansas for profit corporation, on the plaintiff's claims for unjust enrichment and breach of implied contract;

3. That the plaintiff is **AWARDED** damages in the principal amount of 295,705.84 dollars;

4. That under §5-12-102(1)(b), C.R.S., the plaintiff is **AWARDED** pre-judgment interest on the principal amount set forth in paragraph three (3), above, for the period ending February 16, 2012, in the amount of 18,660.86 dollars;

5. That under §5-12-102(1)(b), C.R.S., the plaintiff is **AWARDED** pre-judgment interest at the rate of eight (8) percent per annum, compounded annually, for the period beginning February 16, 2012, and ending on the date judgment is entered in this case;

6.  That under §5-12-102(4)(b), C.R.S., the plaintiff is **AWARDED** post-judgment interest at the rate of eight (8) percent per annum, compounded annually, from the date judgment is entered in this case until the full amount of the judgment has been paid to the plaintiff by the defendant;

7.  That the plaintiff is **AWARDED** its costs, to be taxed by the clerk of the court under Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1; and

8.  That this case is **CLOSED**.

Dated August 30, 2012, at Denver, Colorado.

>                                            **BY THE COURT:**
>
>                                            /s/ Bob Blackburn
>                                            Robert E. Blackburn
>                                            United States District Judge